JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KAREN GILLIGAN MCLEAN

**DEFENDANTS**

COMCAST CORPORTATION; COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC

**(b)**  County of Residence of First Listed Plaintiff   Delaware County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Rahul Munshi, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation - Transfer
☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. (ADEA); 43 P.S. §951, et seq. (PHRA); Phila. Code §9-1101., et seq. (PFPO)

Brief description of cause:
Age discrimination action in violation of ADEA, PHRA and PFPO

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
07/27/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| KAREN GILLIGAN MCLEAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMCAST CORPORATION, et al. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

| | | |
|---|---|---|
| 07/27/2021 | *[signature]* | Plaintiff, Karen Gilligan McLean |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-827-5101 | munshi@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Media, PA 19063 _____

Address of Defendant: _____ 1701 JFK Blvd., Philadelphia, PA 19103 _____

Place of Accident, Incident or Transaction: _____ 1701 JFK Blvd., Philadelphia, PA 19103 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/27/2021 _____  _____  037548
                 *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Rahul Munshi, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 07/26/2021 _____  _____  037548
                 *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                          :
**KAREN GILLIGAN McLEAN**                 :
**Media, PA 19063**                       :
                                          :
                     **Plaintiff,**       :
                                          :      **CIVIL ACTION NO.**
          **v.**                          :
                                          :
**COMCAST CORPORATION**                   :      **JURY TRIAL DEMANDED**
**One Comcast Center**                    :
**1701 JFK Blvd**                         :
**Philadelphia, PA 19103**                :
                                          :
          **and**                         :
                                          :
**COMCAST CABLE**                         :
**COMMUNICATIONS**                        :
**MANAGEMENT, LLC**                       :
**One Comcast Center**                    :
**1701 JFK Blvd**                         :
**Philadelphia, PA 19103**                :
                                          :
                     **Defendants.**      :
_____           :

## COMPLAINT

### I.  INTRODUCTION

Plaintiff, Karen Gilligan McLean, brings this employment discrimination action against her former employers, Comcast Corporation and Comcast Cable Communications Management, LLC (collectively, "Comcast" or "Defendants").  After years of successful performance, Plaintiff was subjected to a hostile work environment by her substantially younger managers, who gave her an unjustified negative performance review for the first time in her tenure with Comcast and placed her on an unjustified performance improvement plan.  Subsequently, Plaintiff went on a medical leave of absence from Comcast due to the stress and anxiety caused by Defendants' discriminatory treatment against her.  Her employment has since been terminated by Comcast.

1

Plaintiff was discriminated against because of her age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq*. ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq*. ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101, *et seq.* ("PFPO"). Plaintiff seeks damages, including economic, compensatory, liquidated, and punitive damages and all other appropriate relief.

## II.    **PARTIES**

1.    Plaintiff, Karen Gilligan McLean, is an individual and citizen of the Commonwealth of Pennsylvania.

2.    Plaintiff was born in 1957 and is currently sixty-four (64) years old.

3.    Comcast is a corporation headquartered at 1701 JFK Blvd., Philadelphia, PA 19103.

4.    Comcast is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and the City of Philadelphia.

5.    At all times material hereto, Comcast employed more than twenty (20) employees.

6.    At all times material hereto, Defendants have had integrated operations, have had shared ownership, have had common management, and have had centralized control of their employment matters.

7.    At all times material hereto, Defendants have acted as a single employer, joint employers, and/or alter egos.  The operations of Defendants are substantively consolidated.

8.    At all times material hereto, Comcast acted as an employer within the meanings of the statutes which form the basis of this matter.

9.     At all times material hereto, Plaintiff was an employee of Comcast within the meanings of the statutes which form the basis of this matter.

10.     At all times material hereto, Comcast acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Comcast and in furtherance of Comcast's business.

## III.   JURISDICTION AND VENUE

11.     The causes of action which form the basis of this matter arise under the ADEA, the PHRA, and the PFPO.

12.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

13.     The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

14.     The District Court has supplemental jurisdiction over Count III (PFPO) pursuant to 28 U.S.C. §1367.

15.     Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

16.     On or about February 28, 2020, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), and dual-filed with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein.  Attached hereto, incorporated herein and marked as Exhibit 1 is a true and correct copy of the PHRC/EEOC Complaint of Discrimination.

17.     On May 3, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue.  Attached hereto, incorporated herein and marked as Exhibit 2 is a true and correct copy of that notice.

18.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

**IV.     FACTUAL ALLEGATIONS**

19.     Plaintiff was born in July of 1957.

20.     For the majority of Plaintiff's career, she has worked in advertising for various broadcast companies, including FOX 29-TV, KYW Newsradio, and CBS 3-TV.  Plaintiff had held positions including Local Sales Manager, National Sales Manager, General Sales Manager, and Director of Sales.

21.     Plaintiff was hired by Comcast in or around September 2010.

22.     Prior to the termination of her employment in or around September 2020, Plaintiff held the position of Local Sales Manager with Comcast.

23.     Plaintiff's primary job responsibility as Local Sales Manager was to grow and develop revenue.

24.     Plaintiff last reported to Sean Morrissey (35[1]), Area Sales Manager.

25.     Morrissey reported to Christopher Cook (38), Director of Sales.

26.     In or around early 2018, Plaintiff applied and interviewed for the posted Area Sales Manager position.

27.     Plaintiff was qualified for the Area Sales Manager position.

28.     In or around July 2018, Defendants failed to promote Plaintiff to the Area Sales Manager position.

29.     Instead of promoting Plaintiff, Defendants promoted Cook and Kevin Bacon (42).

30.     Plaintiff was more qualified for the Area Sales Manager position than the substantially younger employees who were selected instead of Plaintiff.

---

[1] Ages contained herein are approximates.

31.     Defendants failed to promote Plaintiff to the Area Sales Manager position because of her age, which was sixty-one (61) at the time.

32.     In or around July 2018, Plaintiff began reporting to Bacon, who reported directly to Tarik Ghee (40), Director of Sales.

33.     In or around January 2019, Cook was promoted from Area Sales Manager to Director of Sales, and Plaintiff began indirectly reporting to him.

34.     Prior to the termination of her employment, Plaintiff was the oldest Manager employee indirectly reporting to Cook.

35.     In or around March 2019, Plaintiff began reporting to Morrissey, after Bacon was promoted to Digital Director of Auto.

36.     Plaintiff was the oldest Manager employee directly reporting to Morrissey.

37.     Before Plaintiff began reporting to Cook (in or around January 2019) and Morrissey (in or around March 2019), Plaintiff had received positive performance reviews and had no disciplinary or performance issues.

38.     In or around July 2019, in a meeting with Morrissey and Cook, Plaintiff was given a Needs Improvement mid-year performance rating.

39.     Plaintiff's performance did not warrant a Needs Improvement performance rating.

40.     Defendants gave Plaintiff a Needs Improvement performance rating because of her age, which was sixty-two (62) at the time.

41.     Morrissey gave Plaintiff the Needs Improvement performance rating within only three (3) months of managing Plaintiff.

42.     Upon information and belief, Plaintiff was Morrissey's only direct report that was given a Needs Improvement performance rating in or around July 2019.

43.     Defendants failed to provide Plaintiff with any explanation as to how her performance was allegedly worse than that of younger employees who were not given a Needs Improvement performance rating in or around July 2019.

44.     Before July 2019, Plaintiff had no indication that her job was in jeopardy or that Defendants found her performance to be deficient.

45.     Rather, in her previous nine (9) years of work with Comcast, Plaintiff had succeeded in myriad roles under several different managers, as reflected in her performance evaluations and feedback.

46.     For example, in 2018 Plaintiff received a year-end performance rating of "Achieves Expectations" and received an "Achieved Expectations" or "Highly Effective" score in each and every category.

47.     Plaintiff received effusive praise from her manager at that time, including his statement that: "Karen is seen as a trusted adviser by leadership as well as account executive. She has a great presence in the market and is always willing to take on additional responsibilities to help the market realize its objectives.  We've experienced a great deal of transition and change over the last 2 years and Karen has been the consummate professional through it all."

48.     On or around November 25, 2019, in a meeting with Morrissey, Cook, and Jennifer Josselyn (38) of Human Resources, Defendants placed Plaintiff on a Performance Improvement Plan ("PIP").

49.     Plaintiff's performance did not warrant a PIP.

50.     Plaintiff was told that the PIP was not numbers-based, as she had met her budget in the second, third, and fourth quarters of 2019.

51.     Rather, the PIP relied on vague and subjective criticism, such as the alleged lack of "identity and culture" on Plaintiff's team of reports.

52.     Plaintiff stated that the alleged concerns raised in the PIP were not addressed with her during the July 2019 performance review.

53.     Defendants responded that the alleged concerns raised in the PIP took place after the July 2019 performance review.

54.     Defendants placed Plaintiff on the PIP because of her age, which was sixty-two (62) at the time.

55.     Upon information and belief, Plaintiff was Morrissey's only direct report who was placed on a PIP on or around November 25, 2019.

56.     Defendants failed to provide Plaintiff with any explanation as to how her performance was allegedly worse than that of younger employees who were not placed on a PIP.

57.     As of December 2019, Plaintiff's annual billing was approximately 97% to the annual budget.

58.     On December 20, 2019, Plaintiff went out of work on a medical leave of absence, due to the stress and anxiety from the age-based hostile work environment to which she had been subjected.

59.     In or around September 2020, Defendants terminated Plaintiff's employment after she exhausted her medical leave and was not medically-cleared to return to work.

60.     Defendants have discriminated against Plaintiff based on her age by subjecting her to a hostile work environment, including but not limited to giving her a Needs Improvement performance rating and placing her on an unjustified PIP.

61.     Defendants have an age discriminatory bias and pattern and practice of discriminating against older employees while favoring younger employees.

62.     By way of example only, Defendants recently terminated and/or pushed out several older Local Sales Managers, including, but not limited to: Michael Weinstein (66), John Hutchinson (66), Robert Latulippe (56), Patrick Dellecave (65), and Mark Naso (50).

63.     Plaintiff's age was a motivating and/or determinative factor in Comcast's discriminatory treatment of Plaintiff and the hostile work environment to which Plaintiff was subjected.

64.     As a direct and proximate result of the discriminatory conduct of Comcast, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

65.     The conduct of Comcast, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management and warrants the imposition of punitive damages against Comcast.

66.     The conduct of Comcast, as set forth above, was willful and intentional.

## COUNT I (ADEA)

67.     Plaintiff incorporates herein by reference paragraphs 1 through 66 above, as if set forth herein in their entirety.

68.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

69.     Said violations were willful and warrant the imposition of liquidated damages.

70.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff

has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

71.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

72.    No previous application has been made for the relief requested herein.

## COUNT II (PHRA)

73.    Plaintiff incorporates herein by reference paragraphs 1 through 72 above, as if set forth herein in their entirety.

74.    Defendants, by committing the foregoing acts of discrimination, have violated the PHRA.

75.    As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

76.    Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

77.    No previous application has been made for the relief requested herein.

## COUNT III (PFPO)

78.    Plaintiff incorporates herein by reference paragraphs 1 through 77 above, as if set forth herein in their entirety.

79.    Comcast, by committing the foregoing acts of discrimination, has violated the PFPO.

80.    The conduct of Comcast, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management and warrants the

imposition of punitive damages against Comcast.

81.     As a direct and proximate result of Comcast's violations of the PFPO, Plaintiff has sustained the injuries, damages and losses set forth herein.

82.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Comcast's discriminatory acts unless and until relief is granted as requested herein.

83.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Karen Gilligan McLean, and against Defendants.  Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) declaring the acts and practices complained of herein to be in violation of the PFPO;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendants in favor of Plaintiff in an amount to be determined;

(f) awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendants' discriminatory and unlawful misconduct;

(g) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h) awarding liquidated damages to Plaintiff under the ADEA;

(i) awarding punitive damages to Plaintiff under the PFPO;

(j) awarding Plaintiff such other damages as are appropriate under the ADEA, the PHRA, and the PFPO;

(k) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and,

(l) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: July 27, 2021                By:  _____

Rahul Munshi
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
munshi@consolelaw.com
215-545-7676
215-814-8920 (fax)

Attorneys for Plaintiff,
Karen Gilligan McLean

# Exhibit 1

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

|  |  |  |
|---|---|---|
| Karen Gilligan McLean, | : | |
| Complainant | : | |
|  | : | |
| v. | : | PHRC Case No. 201903836 |
|  | : | |
| Comcast Corporation and Comcast Cable | : | EEOC No. 17F202061343 |
| Communications Management, LLC, | | |
| Respondent | : | |
|  | : | |

## **COMPLAINT**

### **JURISDICTION**

1. Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### **PARTIES**

2. The Complainant herein is:

   Karen Gilligan McLean

   Media, PA  19063

3. The Respondent herein is:

   Comcast Corporation
   One Comcast Center
   Philadelphia, PA 19103

   Comcast Cable Communications Management, LLC
   One Comcast Center
   Philadelphia, PA 19103

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

### COMPLAINT

**Received**

FEB 2 8 2020

PA Human Relations Commission
Philadelphia Regional Office

COMPLAINANT:

**KAREN GILLIGAN MCLEAN**

v.

RESPONDENTS:

**COMCAST CORPORATION**

and

**COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC**

Docket No.   201903836

1. The Complainant herein is:

   Name:   Karen Gilligan McLean

   Address:   ████████████
              Media, PA 19063

2. The Respondents herein are:

   Name:   Comcast Corporation, Comcast Cable Communications Management, LLC

   Address:   One Comcast Center
              Philadelphia, PA 19103

3. I, Karen Gilligan McLean, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (62) as set forth below.

## Discrimination

A. I specifically allege:

[1]    I was hired by Respondents in or about September 2010.

[2]    I have more than nine (9) years of service at Respondents.

[3]    I consistently perform my job duties in a highly competent manner.

[4]    I am age sixty-two (62), and my birth date is July 22, 1957.

[5]    I hold the position of Local Sales Manager.

[6]    I report to Sean Morrissey (35[1]), Area Sales Manager. Morrissey (35) reports to Christopher Cook (38), Director of Sales.

[7]    In or about early 2018, I applied and interviewed for the posted Area Sales Manager position. I was qualified for the position.

[8]    In or about July 2018, Respondents failed to promote me to the Area Sales Manager position. Instead of promoting me, Respondents promoted Christopher Cook (38) and Kevin Bacon (42). I was more qualified for the position than the substantially younger employees that were selected instead of me.

[9]    Respondents failed to promote me because of my age.

[10]    In or about July 2018, I began reporting to Bacon (42). Bacon (42) reported to Tarik Ghee (40), Director of Sales.

[11]    In or about January 2019, Cook (38) was promoted from Area Sales Manager to Director of Sales and I began indirectly reporting to him.

[12]    I am the oldest Manager employee indirectly reporting to Cook (38).

[13]    In or about March 2019, I began directly reporting to Morrissey (35), after Bacon (42) was promoted to Digital Director of Auto.

---

[1] All ages herein are approximations.

[14]     I am the oldest Manager employee directly reporting to Morrissey (35).

[15]     Before I began reporting to Cook (38) and Morrissey (35), I had no performance or disciplinary issues and no indication that I was underperforming or that my job was in jeopardy.

[16]     Before I began reporting to Cook (38) and Morrissey (35), I received positive performance reviews and had no disciplinary or performance issues.

[17]     In or about July 2019, in a meeting with Morrissey (35) and Cook (38), I was given a Needs Improvement mid-year performance rating. My performance did not warrant a Needs Improvement performance rating.

[18]     Respondents gave me a Needs Improvement performance rating because of my age.

[19]     I was given a Needs Improvement performance rating within approximately three (3) months of beginning to report to Morrissey (35).

[20]     To my knowledge, I was Morrissey's only direct report that was given a Needs Improvement performance rating in or about July 2019.

[21]     Respondents failed to provide me with any explanation as to how my performance was allegedly worse than that of younger employees who were not given a Needs Improvement performance rating in or about July 2019.

[22]     Before July 2019, I had no indication that my job was in jeopardy or that Respondents found my performance deficient.

[23]     On or about November 25, 2019, in a meeting with Morrissey (35), Cook (38), and Jennifer Josselyn (38), Human Resources, Respondents placed me on an unjustified Performance Improvement Plan ("PIP"). My performance did not warrant a PIP. I was told that

the PIP was not numbers-based, as I had met my budget in the second, third, and fourth quarters of 2019. I stated that the alleged concerns raised in the PIP were not addressed with me during my July 2019 performance review. I was told that the alleged concerns raised in the PIP took place after the July 2019 performance review.

[24]    Respondents placed me on a PIP because of my age.

[25]    To my knowledge, I was Morrissey's only direct report who was placed on a PIP on or about November 25, 2019.

[26]    Respondents failed to provide me with any explanation as to how my performance was allegedly worse than that of younger employees who were not placed on a PIP.

[27]    On December 20, 2019, I went out of work on a medical leave of absence, due to the stress and anxiety from the age-based hostile work environment to which I have been subjected. I remain on a medical leave of absence.

[28]    Respondents have discriminated against me based on my age in subjecting me to a hostile work environment, including giving me a Needs Improvement performance rating and placing me on a PIP.

[29]    Respondents recently terminated and/or pushed out the following older employees: Mike Weinstein (65), Local Sales Manager; John Hutchinson (63), Local Sales Manager; Bob Latulippe (56), Local Sales Manager; and Mark Naso (50), Local Sales Manager.

[30]    Respondents have an age discriminatory bias and a pattern and practice of discriminating against older employees and favoring younger employees.

[31]    I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondents who are age forty (40) and over, and who have been discriminated against based on age in

connection with being subjected to a hostile work environment, compensation, failure to promote, and termination.

B.  Based on the aforementioned, I allege that Respondents have discriminated against me because of my age (62), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    _X_    Pennsylvania Human Relations Act (Act of October 27, 1955, P.J.. 744, as amended) Section 5 Subsection(s):  _(a)_

    ____    Section 5.1 Subsection(s) _____

    ____    Section 5.2 Subsection(s) _____

    ____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    _X_    This charge will be referred to the EEOC for the purpose of dual filing.

6.    The Complainant seeks that Respondents be required to:

    (a) Make the Complainant whole.

    (b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

2/27/20
(Date Signed)

(Signature)  Karen Gilligan McLean

Media, PA 19063

Exhibit 2

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Karen Gilligan McLean** | From: | **Philadelphia District Office** |
|-----|----------------------------|-------|----------------------------------|
| | **Media, PA 19063** | | **801 Market Street** |
| | | | **Suite 1000** |
| | | | **Philadelphia, PA 19107** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|-----------------|---------------------|---------------|
| | **Damon A. Johnson,** | |
| **17F-2020-61343** | **State & Local Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Dana R. Hutter*
**Dana R. Hutter,**
**Deputy Director**

May 3, 2021
*(Date Issued)*

cc:
| **Sean Caulfield. Esq.** | **Emily R. Derstine Friesen. Esq.** |
|---------------------------|--------------------------------------|
| **Morgan, Lewis & Bockius LLP** | **Console Mattiacci Law, LLC** |
| **Via email only; sean.caulfield@morganlewis.com** | **Via email only: derstinefriesen@consolelaw.com** |